THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
NICOLA T. HANNA (SBN 130694)
nhanna@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000
Fax: (213) 229-7520

CYNTHIA RICHMAN (DC Bar No. 492089; *pro hac vice* pending)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

Attorneys for Defendant and Third-Party Plaintiff
PEGATRON CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>COMPAL ELECTRONICS, INC., FIH MOBILE LTD., HON HAI PRECISION INDUSTRY CO., LTD, PEGATRON CORPORATION, and WISTRON CORPORATION,, | Case No. 3:17-CV-01010-GPC-MDD<br><br>**THIRD-PARTY COMPLAINT OF DEFENDANT PEGATRON CORPORATION FOR CONTRACTUAL INDEMNITY**<br><br>**JURY TRIAL DEMANDED** |

1

| | |
|---|---|
| | Defendants. |
| PEGATRON CORPORATION, | |
| Third-Party Plaintiff | |
| v. | |
| APPLE INC., | |
| Third-Party Defendant | |

Defendant and Third-Party Plaintiff Pegatron Corporation ("Pegatron") brings this action against Third-Party Defendant Apple Inc. ("Apple") as follows.

The license agreements and royalty payments that Qualcomm Incorporated ("Qualcomm") seeks to enforce in this action are at the heart of challenges to Qualcomm's licensing practices in numerous cases and regulatory proceedings. A lawsuit by the Federal Trade Commission ("FTC") and consumer class actions in cases consolidated before Judge Koh in the Northern District of California have challenged Qualcomm's licensing practices and royalties in these and other agreements on antitrust grounds. Apple's primary competitor, Samsung, has come forward in the FTC case, explaining how Qualcomm's excessive royalties and licensing practices have caused anticompetitive harm. Intel, Qualcomm's competitor, has done the same. Law enforcement authorities around the globe have also challenged Qualcomm's licensing practices and royalties. The Korea Fair Trade Commission, for example, has imposed an $850 million fine, the largest fine it has ever imposed, concluding that these agreements are anticompetitive, the royalties charged are excessive, and licensees should be given the opportunity to renegotiate their licenses.

In January, Apple filed an action in this Court in a related case, Case No. 3:17-cv-108-GPC-MDD, challenging Qualcomm's licensing practices and royalties under these same license agreements as a violation of the antitrust laws, U.S. patent law, public policy, and Qualcomm's obligation to license on fair, reasonable and nondiscriminatory (FRAND) terms. In filing this case, Qualcomm correctly related the Apple case to this case.

Pegatron, a defendant in the present action, Case No. 3:17-cv-1010-GPC-MDD, is a contract manufacturer that assembles products, including Apple products under contracts with Apple that include in many cases baseband processor chips manufactured by Qualcomm. Pegatron is a party with Qualcomm to supply contracts for those chips and license agreements that "double dip" by requiring further payments as royalties. Historically, Apple has provided Pegatron funds with which to pay the

amounts owed to Qualcomm with respect to Apple devices plus the "double-dipping" royalties on top of the purchase price; Pegatron provides its royalty payments to Qualcomm. Pegatron has learned that Qualcomm would rebate a portion of the royalties back to Apple. Beginning in 2016, to thwart investigations of Qualcomm's anticompetitive activities by law enforcement authorities, Qualcomm withheld rebates owed back to Apple because Apple had cooperated with competition agencies investigating Qualcomm, according to Pegatron's understanding. In response, Apple withheld royalty payment funds from Pegatron.

In response to Qualcomm's Complaint, Pegatron will join the challenges to Qualcomm's illegal business model in their responsive pleadings. As explained there, Qualcomm is using Pegatron to attempt to recover funds Apple withheld from Qualcomm. Apple has forthrightly acknowledged this reality and indemnified Pegatron for Qualcomm's claims. Qualcomm's Complaint admits to the existence of Apple's indemnification yet nonetheless puts Pegatron in the middle of this dispute between Qualcomm and Apple. Pegatron accordingly is impleading Apple as an additional defendant in this action based on Apple's indemnification of it.

## **Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over the underlying action pursuant to 28 U.S.C. § 1332(a)(2). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). There is diversity of citizenship between Pegatron and Apple, and based on the allegations in the underlying complaint, the amount in controversy between Pegatron and Apple exceeds $75,000.

2. This Court also has supplemental jurisdiction of the claims herein under 28 U.S.C. § 1367 because the claims herein are so related to the claims in the underlying action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District to the extent venue is proper for the original claims against Pegatron. Venue also is proper in this District pursuant to 28 U.S.C. § 1391(b).

**The Parties**

4. Pegatron is a corporation organized and existing under the laws of Taiwan, with its principal place of business at 5F, No. 76, Ligong Street, Beitou District, Taipei City 112, Taiwan, R.O.C. Pegatron is an original design manufacturer providing a variety of support services related to design, manufacturing, and after-sales service for information and communication technology products.

5. Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple designs, manufactures, and markets mobile communication and media devices, personal computers, and portable music players, as well as related software, accessories, and content.

**Statement of Facts**

6. Pegatron contracted with Apple to provide certain services and products to Apple pursuant to a Finished Goods Agreement (the "FGA"), effective as of September 5, 2008, and amended from time to time.

7. Since that time, Pegatron has provided various services and products to Apple pursuant to the FGA.

8. Qualcomm Incorporated ("Qualcomm") filed a complaint against Pegatron and several other defendants in this Court on May 17, 2017.

9. Qualcomm alleges in its complaint that Pegatron has breached a certain License Agreement between Pegatron and Qualcomm by failing to pay Qualcomm certain royalties, failing to cooperate with Qualcomm's royalty audits, and misstating certain sales information for the products it manufactures and sells to Apple. Qualcomm further alleges that as a result of these supposed actions, Pegatron also has breached a certain Master Software Agreement between Pegatron and Qualcomm by continuing to use Qualcomm's copyrighted software.

10. Qualcomm alleges that these breaches arise in connection with products and services that Pegatron provides to Apple, that Apple "orchestrated the actions of [Pegatron]" and that "Apple has agreed to indemnify [Pegatron] for any damages [it] may incur." For example, Qualcomm alleges that "Apple is withholding substantial payments from [Pegatron] and directing [Pegatron] not to make corresponding royalty payments to Qualcomm." Compl. ¶ 76. As a result, Qualcomm asserts that Pegatron underpaid royalties due for Apple products for the fourth quarter of 2016 and failed to pay any royalties for Apple products in the first quarter of 2017. Compl. ¶¶ 82, 102.

11. Qualcomm alleges that through its actions, Apple "has interfered with [Pegatron's] long-standing payment obligations to Qualcomm." Compl. ¶ 2.

12. Based on these same allegations, Qualcomm also seeks declaratory relief that Pegatron has breached its obligations under the License Agreement and the Master Software Agreement.

13. For these alleged breaches, Qualcomm seeks injunctive relief and specific performance (including in the form of "making full and complete payments of royalties," "providing Qualcomm's auditors all necessary information and assistance," and "providing [accurate] royalty reports"), compensatory damages, consequential damages, attorneys' fees, and expenses, costs and disbursements, including prejudgment interest, as well as such other and further relief as the Court deems just and proper.

14. Pegatron denies that Qualcomm is entitled to any relief on its Complaint, and hereby incorporates all responses in its responsive pleadings to that Complaint as if fully set forth herein.

15. However, in the event that Pegatron is held liable to Qualcomm, Pegatron is entitled to full indemnity from Apple.

16. Apple and Pegatron entered into an Addendum regarding Mobile Technology License Fees (the "Addendum") with an effective date of October 1, 2016.

17. Among other things, the Addendum provides that Apple shall indemnify Pegatron in certain situations.

18. On information and belief, because Apple has an indemnity obligation to Pegatron relating to Qualcomm's Complaint, Apple has an interest in the outcome of the litigation between Qualcomm and Pegatron. On information and belief, Apple also has an interest in the litigation between Qualcomm and Pegatron based on the allegations against, and characterizations of, Apple in the Qualcomm Complaint.

19. On information and belief, Apple denies that it has improperly interfered with any enforceable contract between Pegatron and Qualcomm.

20. On information and belief, Apple denies that Qualcomm is entitled to any relief on its Complaint against Pegatron because, among other reasons, Qualcomm has breached certain FRAND commitments, has violated antitrust and unfair competition laws, and is attempting to circumvent patent exhaustion principles.

21. The Addendum further provides that at Apple's request, Pegatron must implead Apple into the action.

22. On information and belief, Apple has consented to be impleaded into the current action because it has an indemnification obligation to Pegatron, and so that it may assert various claims and defenses to Qualcomm's Complaint to minimize or eliminate its liability for such indemnification.

## Count One – Contractual Indemnity

23. Pegatron incorporates by reference each of the allegations in paragraphs 1 through 22 above.

24. Pegatron has not breached its obligations under the FGA and the Addendum.

25. Pegatron has complied and will continue to comply with the conditions set forth in the FGA and the Addendum.

26. Pursuant to the Addendum, Apple is obligated to indemnify Pegatron for any damages and costs awarded to Qualcomm in the underlying breach of contract case.

27. Pursuant to the Addendum, Pegatron is entitled to recover from Apple any award of damages and costs against it in the underlying case.

**JURY DEMAND**

28. Pegatron demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Pegatron prays for judgment against Apple as follows:

a. That, in the event judgment is entered against Pegatron in the underlying action, Pegatron is entitled to total or partial indemnity from Apple according to the terms of the Addendum;

b. For such other and/or further relief as this Court may deem just and proper.

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| Dated: July 17, 2017 | | Gibson, Dunn & Crutcher LLP |

By:    */s/ Nicola T. Hanna*
               Nicola T. Hanna

THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
NICOLA T. HANNA (SBN 130694)
nhanna@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000
Fax: (213) 229-7520

CYNTHIA E. RICHMAN (DC Bar No. 492089; *pro hac vice* pending)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

***Attorneys for Defendant and Third-Party Plaintiff Pegatron Corporation***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 17, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated: July 17, 2017

/s/ Nicola T. Hanna

Gibson, Dunn & Crutcher LLP