| | |
|---|---|
| 1 | Juanita R. Brooks, SBN 75934, brooks@fr.com |
| 2 | Seth M. Sproul, SBN 217711, sproul@fr.com<br>FISH & RICHARDSON P.C. |
| 3 | 12390 El Camino Real<br>San Diego, CA 92130 |
| 4 | Phone: 619-678-5070 / Fax: 619-678-5099 |
| 5 | Ruffin B. Cordell, DC Bar No. 445801, *pro hac to be filed,* cordell@fr.com<br>Lauren A. Degnan, DC Bar No. 452421, *pro hac to be filed,* degnan@fr.com |
| 6 | FISH & RICHARDSON P.C.<br>The McPherson Building |
| 7 | 901 15th Street, N.W., 7th Floor<br>Washington, D.C.  20005 |
| 8 | Phone:  202-783-5070 / Fax:  202-783-2331 |
| 9 | William A. Isaacson, DC Bar No. 414788, *pro hac to be filed,* wisaacson@bsfllp.com<br>Karen L. Dunn, DC Bar No. 1002520, *pro hac to be filed,* kdunn@bsfllp.com |
| 10 | BOIES SCHILLER FLEXNER LLP<br>1401 New York Avenue, N.W. |
| 11 | Washington, D.C. 20005<br>Phone: 202-237-2727 / Fax: 202-237-6131 |
| 12 | [*Additional counsel identified on signature page*] |
| 13 | Attorneys for Third-Party Defendant Apple Inc. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 17 | QUALCOMM INCORPORATED, | Case No. 3:17-CV-01010-GPC-MDD |
| 18 | Plaintiff, | |
| 19 | v. | **THIRD-PARTY DEFENDANT APPLE INC.'S ANSWER TO THIRD-PARTY COMPLAINT OF DEFENDANTS FIH MOBILE LTD. AND HON HAI PRECISION INDUSTRY CO., LTD. FOR CONTRACTUAL INDEMNITY** |
| 20 | COMPAL ELECTRONICS, INC., FIH MOBILE LTD., HON HAI PRECISION INDUSTRY CO., LTD, PEGATRON CORPORATION, and WISTRON CORPORATION, | |
| 21 | | |
| 22 | | |
| 23 | Defendants. | Judge:     Hon. Gonzalo P. Curiel |
| 24 | FIH MOBILE LTD. and HON HAI PRECISION INDUSTRY CO., LTD., | |
| 25 | | |
| 26 | Third-Party Plaintiffs, | |
| 27 | v. | |
| 28 | APPLE INC., | |
| | Third-Party Defendant. | |

# ANSWER

Third-Party Defendant Apple Inc. ("Apple") by its undersigned counsel, hereby answers the Third-Party Complaint of Third-Party Plaintiffs FIH Mobile Ltd. and Hon Hai Precision Industry Co., Ltd. (collectively, "Foxconn") for contractual indemnity ("Third-Party Complaint").

Apple Inc. ("Apple") has filed claims against Qualcomm Incorporated ("Qualcomm") in this Court challenging as illegal Qualcomm's business model by which Qualcomm excludes its competitors from the baseband chipset market, imposes exorbitant royalties on customers, and illegally licenses exhausted patents. For years, Qualcomm has gone to great lengths to protect and defend its illegal business model, even as it has come under increasing scrutiny from regulators around the globe and become a subject for legal challenge by consumers, investors, and technology companies, large and small.  The claims that Apple has asserted against Qualcomm in this Court, as well as the claims asserted in the actions filed by the Federal Trade Commission and consumers in the U.S. District Court for the Northern District of California, challenge as unlawful the very royalties for which Qualcomm has sued Foxconn.  While Apple disputes Qualcomm's entitlement to those royalties, in the event that the Court concludes that Foxconn is required to pay such royalties, Apple has agreed to indemnify Foxconn in accordance with the terms of the Addendum regarding Mobile Licensing Fees between Apple and Foxconn ("Addendum").

Subject to the foregoing, Apple states as follows:

1. Apple admits the allegations in Paragraph 1.
2. Apple admits the allegations in Paragraph 2.
3. Apple admits the allegations in Paragraph 3.
4. Apple admits the allegations in Paragraph 4.
5. Apple admits the allegations in Paragraph 5.
6. Apple admits the allegations in Paragraph 6.

      7.      Apple admits the allegations in Paragraph 7.

      8.      Apple admits the allegations in Paragraph 8.

      9.      Apple admits the allegations in Paragraph 9.

      10.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the License Agreement or the Master Software Agreement because Qualcomm has not permitted Apple to review those agreements. Apple admits that the allegations in Paragraph 10 describe Qualcomm's allegations against Foxconn, but denies those allegations and denies that Qualcomm is entitled to any relief from Foxconn in this matter.

      11.      Apple admits that the allegations in Paragraph 11 describe Qualcomm's allegations against Foxconn, but denies those allegations and denies that Qualcomm is entitled to any relief from Foxconn in this matter.

      12.      Apple admits that the allegations in Paragraph 12 describe Qualcomm's allegations against Foxconn, but denies those allegations and denies that Qualcomm is entitled to any relief from Foxconn in this matter.

      13.      Apple admits that the allegations in Paragraph 13 describe Qualcomm's prayer for relief against Foxconn, but denies that Qualcomm is entitled to any relief from Foxconn in this matter.

      14.      Apple admits that the allegations in Paragraph 14 describe Qualcomm's prayer for relief against Foxconn, but denies that Qualcomm is entitled to any relief from Foxconn in this matter.

      15.      Apple admits the allegations in Paragraph 15.

      16.      Apple admits that to the extent judgment is entered against Foxconn in the underlying action, Foxconn is entitled to indemnification from Apple in accordance with the terms of the Addendum.

      17.      Apple admits the allegations in Paragraph 17.

      18.      Apple admits that to the extent judgment is entered against Foxconn in the underlying action, Foxconn is entitled to indemnification from Apple in

accordance with the terms of the Addendum.

19. Apple admits the allegations in Paragraph 19.

20. Apple admits the allegations in Paragraph 20.

21. Apple admits the allegations in Paragraph 21.

22. Apple admits the allegations in Paragraph 22.

23. Apple admits the allegations in Paragraph 23.

## Count One – Contractual Indemnity

24. Paragraphs 1-23 of Apple's Answer are incorporated by reference as if set forth herein.

25. Apple admits that, as of the date of this Answer, Apple is not aware of any breach by Foxconn of the Finished Goods Agreement or the Addendum.

26. Apple admits that, as of the date of this Answer, Apple is not aware of any breach by Foxconn of the Finished Goods Agreement or the Addendum. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 relating to Foxconn's conduct post-dating this Answer.

27. Apple admits that to the extent judgment is entered against Foxconn in the underlying action, Foxconn is entitled to indemnification from Apple in accordance with the terms of the Addendum.

28. Apple admits that to the extent judgment is entered against Foxconn in the underlying action, Foxconn is entitled to indemnification from Apple in accordance with the terms of the Addendum.

## Jury Demand

29. A response is not required to Foxconn's demand for a jury trial. To the extent a response is deemed required, Apple admits that Foxconn demands a trial by jury.

## Prayer for Relief

Apple admits that to the extent judgment is entered against Foxconn in the

underlying action, Foxconn is entitled to indemnification from Apple in accordance with the terms of the Addendum.

Dated: July 18, 2017          Respectfully submitted,

By:  */s/ Juanita R. Brooks*
Juanita R. Brooks (SBN 75934) brooks@fr.com
Seth M. Sproul (SBN 217711) sproul@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: (619) 678-5070; Fax: (619) 678-5099

Ruffin B. Cordell (DC Bar No. 445801;
*pro hac vice to be filed),* cordell@fr.com
Lauren A. Degnan (DC Bar No. 452421;
*pro hac vice to be filed),* degnan@fr.com
FISH & RICHARDSON P.C.
The McPherson Building
901 15th Street, N.W., 7th Floor
Washington, DC 20005
Phone: (202) 783-5070; Fax: (202) 783-2331

Benjamin C. Elacqua (TX SBN 24055443;
*pro hac vice to be filed*), elacqua@fr.com
FISH & RICHARDSON P.C.
One Houston Center, 28th Floor
1221 McKinney
Houston, TX 77010
Phone: (713) 654-5300; Fax: (713) 652-0109

Betty H. Chen (SBN 290588)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Phone: (650) 839-5070; Fax: (650) 839-5071

William A. Isaacson (DC Bar No. 414788;
*pro hac vice to be filed*), wisaacson@bsfllp.com

Karen L. Dunn (DC Bar No. 1002520;
*pro hac vice to be filed),* kdunn@bsfllp.com
Amy J. Mauser (DC Bar No. 424065;
*pro hac vice to be filed*), amauser@bsfllp.com
Christopher G. Renner (DC Bar No. 1025699;
*pro hac vice to be filed*), crenner@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Phone: (202) 237-2727; Fax: (202) 237-6131

Steven C. Holtzman (SBN 144177)
sholtzman@bsfllp.com
Gabriel R. Schlabach (SBN 304859)
gschlabach@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Phone: (510) 874-1000; Fax: (510) 874-1460

Meredith R. Dearborn (SBN 268312)
mdearborn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
425 Tasso Street, Suite 205
Palo Alto, CA 94307
Phone: (650) 445-6400; Fax: (650) 329-8507

*Attorneys for Third-Party Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 18, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

    Executed on July 18, 2017, at San Diego, California.

                                    */s/ Juanita R. Brooks*
                                     Juanita R. Brooks

Case No. 3:17-CV-01010-GPC-MDD