UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION, | Case No. 3:17-cv-0108-GPC-MDD<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>**[DKT. NOS. 101, 120, 128, 147 IN CASE NO. 17-CV-108 AND DKT. NO. 118 IN CASE NO. 17-CV-1010]** |

Before the Court are various motions to seal portions of the parties' motions to dismiss and related pleadings and exhibits in Case No. 3:17-cv-00108-GPC-MDD, ECF Nos. 101, 120, 128, 147, and a motion to seal Qualcomm's Answer filed in Case No. 3:17-cv-01010-GPC-MDD, ECF No. 182. No oppositions have been filed. Upon review of the moving papers, the information to be sealed, the applicable law, and for the following reasons, the Court **GRANTS** each of the motions in their entirety.

## LEGAL STANDARD

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

1

589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items listed in protective orders. *See KL Group v. Case, Kay, & Lynch*, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from attorney); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Id.* at 1178-79.

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Kamakana*, 447 F.3d at 1178-80. However, for non-dispositive motions, the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c). *Id.* at 1180. The "compelling reasons" test requires showing more than just "good cause." *Id.* Documents filed under seal will be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

Motions to dismiss are typically treated as dispositive motions such that the compelling reasons standard applies. *See BT Collective v. IP Holdings, LLC*, 2011 WL 5873388, at *3 (S.D. Cal. Nov. 23, 2011) (citing *In re PPA Products Liability Litigation*, 460 F.3d 1217, 1231 (9th Cir. 2006)) ("Motions to dismiss are typically treated as dispositve.") Courts also apply the "compelling reasons" standard to motions to seal an answer and counter-claim. *See Delfino Green & Green v. Workers Compansation

*Solutions*, LLC, 2015 WL 4235356, at *2 (N.D. Cal, July 13, 2015); *Robert Half Int'l v. Ainsworth*, 2015 WL 4394805, *3 n.2 (S.D. Cal. July 15, 2015).

Accordingly, and especially considering the public's interest in being able to access civil actions filed in the courts, the Court will apply the "compelling reasons" standard to the parties' requests to seal briefing involving motions to dismiss and Qualcomm's answer.

Compelling reasons for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Trade secrets "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain advantage over competitions who do not know or use it." Restatement (First) of Torts § 757 cmt. b. Because trade secrets concern proprietary and sensitive business information not available to the public, sealing may be warranted where disclosure would harm a litigant's competitive standing. *Nixon*, 435 U.S. at 598.

The Ninth Circuit has explicitly recognized that compelling reasons exist for the sealing of "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Courts in this circuit have also recognized that information subject to confidentiality agreements may also meet the "compelling reasons" standard when accompanied by a particularized factual showing. *See Foltz v. State Farm Mut. Auto. Ins. Co*, 331 F.3d 1122, 1137-38 (9th Cir. 2003).

## **DISCUSSION**

The overwhelming majority of information that the parties seek to seal fall into one of two categories: (1) confidential business information, including trade secrets, and (2) information subject to confidentiality agreements. For the reasons that follow the Court

3

3:17-cv-0108-GPC-MDD

concludes that the parties have demonstrated that compelling reasons exist for sealing the information subsumed by these two categories.

First, the Court is satisfied that compelling reasons exist to seal the unredacted portions of the pleadings and briefing that concern licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies, along with those exhibits that contain the various confidential business agreements executed among the parties. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569. Each of the parties has narrowly tailored their request to only redact the portions of the filings and the precise exhibits that implicate such confidential business information. Each of the parties has also articulated that the information they seek to seal is not available to the public and that the disclosure of such information would harm their competitive standing by releasing such information to competitors in the telecommunications market. Each of the parties has, moreover, submitted declarations providing the Court with a factual basis for their claims of competitive harm. Accordingly, the Court is satisfied that there is a sufficient factual basis to justify concluding that compelling reasons exist for sealing such information and exhibits.

Second, the Court is also satisfied that compelling reasons exist to seal the unredacted portions of the pleadings and briefing that are subject to confidentiality provisions. The parties have demonstrated that information subject to confidentiality and non-disclosure provisions should also be sealed because those provisions likewise prevent competitors from gaining insight into the parties' business model and strategy. Such insight could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business. The parties have, moreover, submitted declarations from various company officers that provide the Court with a factual basis for their claims that disclosing information subject to confidentiality agreements would harm the parties' respective competition standings. As such, the Court is similarly satisfied that the narrowly tailored requests of the parties, and the factual findings submitted in support thereof, satisfy the compelling reasons standard.

In sum, the Court finds that the parties' various requests to seal have been narrowly tailored such that they do not impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims. As such and in the light of the aforementioned compelling reasons justifying sealing, the Court **GRANTS** each of the motions to seal identified by the **following table** in its entirety.

**IT IS SO ORDERED.**

Dated: November 8, 2017

Hon. Gonzalo P. Curiel
United States District Judge

| ECF No. | Movant | Document to be Sealed |
|---|---|---|
| **3:17-cv-00108-GPC-MDD** | | |
| 101 | Qualcomm | Unredacted portions of Qualcomm's Motion for Partial Dismissal of Apple's First Amended Complaint, and Exhibit 2 attached to Hamstra Declaration |
| 120 | Apple | Unredacted portions of Opposition, and Exhibits A-F to Sproul Declaration |
| 128 | Qualcomm | Unredacted portions of Reply in Support of Motion for Partial Dismissal of Apple's First Amended Complaint |
| 147 | Qualcomm | Unredacted portions of Reply in Support of Motion for Partial Dismissal of Defendants' (CM's) Counterclaims |
| **3:17-cv-01010-GPC-MDD** | | |
| 118 | Qualcomm | Qualcomm's Answer and Defenses to Defendants' (CM's) Counterclaims and Defenses |